■ MATHIAS, Judge,
concurring.
[22] I concur wholeheartedly in Judge Robb’s well-reasoned opinion. I write separately for two reasons.
*1052 [23] First,' I wish to emphasize that there is little reason to believe that dismissal of the criminal charges against Gross will lead to his release into society. Instead, Gross mostly -likely faces a lifetime of civil commitment as a. result of his mental illness. • See swpra, op. at 1051 n. 5.
[24] ’Secondly, I wish to repeat what I wrote in concurring in Habibzadah v. State, 904 N.E.2d 367, 370 (Ind.Ct.App.2009):
A large and ironic lapse in the logic of our criminal justice, system is that its ■ initial imperative is to determine the . competency of defendants prospectively, to assist counsel at trial. And the courts can determine whether the defendant is able to assist in his or her own defense at any time, whether relatively soon after arrest, or long thereafter, sometimes years after, arrest. Only after a defen- . ,dant is determined competent is the is:sue of competency at the time of the crime raised, and only along with the trial of the facts of the offense alleged.
Id. at 370 (Mathias, J., concurring).
[25] I continue to believe that our criminal procedure should permit a psychiatric examination of a defendant who likely suffers from serious mental illness very early after arrest to determine whether the defendant could have possibly had the requisite scienter or mens rea at the time of the crime. As I noted in Habibzadah:
Our criminal justice system has a mechanism to deal with temporary incompetence as it pertains to criminal culpability, or scienter, but fails miserably when faced with the likely long-term or permanent mental illness of a criminal defendant,- Even Davis acknowledges that confinement of an iiicompetent person may be a violation ■ of due process, but only after the defendant has been civilly committed for the maximum sentence allowed under the charges filed, when the State does not have an interest that outweighs the defendant’s liberty interest.
Our criminal justice system needs an earlier and intervening procedure to determine competency retroactively to the time of the alleged crime. Perhaps we as a society need to consider the concept of a defendant being unchangeable because of mental illness under Indiana Code section 35-41-3-6, and not just guilty but’ mentally ill under Indiana Code section 35-36-2-1, et seq: In either case, the commitment proceedings provided for in Indiana Code section 35-36-2-4 would both protect society and best care for the defendant involved. Whether such a procedure is promulgated- by the Indiana Supreme Court through its rule-making process or by the Indiana General Assembly through statute, it is time for the truly long-term, incompetent criminal defendant to have an earlier and intervening opportunity for a determination of his or her competency at the time of the crime alleged. Such a procedure convened soon after arrest, rather than years later when stale evidence and dim or nonexistent memories are all that are left, or never, would best serve society and the defendant.
Id. at 371 (emphasis added); see also A.J. v. Logqnsport State Hosp., 956 N.E.2d 96, 118 (Ind.Ct.App.2011) (Mathias, J., concurring) (expressing the same concerns where, despite earliest expert opinions establishing that the defendant would never attain competency, the defendant was sent off to competency restoration services and held there for over two years).
[26] With the additions of these observations, I fully concur.